IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| REGINALD REAVES | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| MARK CAPOZZA, et al. | : | NO. 13-6483 |

REPORT AND RECOMMENDATION

JACOB P. HART                                                                    DATE:   8/7/2014
UNITED STATES MAGISTRATE JUDGE

This is a *pro se* petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by an individual currently incarcerated at the State Correctional Institute Smithfield at Huntingdon, Pennsylvania.  For the reasons that follow, I recommend that the petition be dismissed for lack of jurisdiction.

I.      Factual and Procedural Background

On October 14, 1982, Reaves pled guilty in the Court of Common Pleas for Philadelphia County to two counts of robbery.  Petition at ¶¶ 2(a), 3, 6.  He was sentenced on March 24, 1983, to four to ten years imprisonment on each count, to be served concurrently. Commonwealth v. Reaves, Reconsideration of Sentence, Transcript of March 24, 1983, at 18-20.

Reaves did not file a direct appeal after his guilty plea.  On October 29, 1992, however, he filed a petition for habeas corpus relief.  Reaves v. Morgan, Civ. A. No. 92-6228, docketed as Document No. 1.  This petition was dismissed by order of February 23, 1993, without prejudice to refiling once Reaves had exhausted his state remedies.  Id. at Document No. 7.

Reaves filed a petition under the PCHA, the predecessor to Pennsylvania's Post-Conviction Relief Act, ("PCRA"), 42 Pa. C.S.A. § 9541 *et seq*., which he withdrew after colloquy at a hearing on May 26, 1987.  Commonwealth v. Reaves, Feb. Term 1982 No. 2832,

Transcript of May 26, 1986 PCHA Hearing.  On October 11, 1995, he filed another petition for collateral relief.  PCRA Motion, docketed on October 11, 1995.  Presumably, no relief was granted, since Reaves filed a third such petition on December 18, 2007.  <u>Motion for Post-Collateral Relief</u>, 8202-3651, 8202-2832, dated December 18, 2007.  This third petition appears to have been dismissed as untimely.  "No Merit" Letter of May 15, 2009, attached to Commonwealth's Response as Exhibit C.  According to Reaves, he filed a fourth PCRA petition on September 5, 2013.  Petition at ¶ 11(a).

The present petition for habeas corpus relief was filed on November 6, 2013.  Crucially, however, the Pennsylvania Department of Corrections has provided a letter to the Commonwealth representing that Reaves is no longer serving the sentence for the conviction which he has appealed here.  Department of Corrections Memorandum of July 8, 2014, attached to Commonwealth's Response as Exhibit A.  On December 8, 1983, according to the Department of Corrections, Reaves began serving a sentence arising out of a conviction in Delaware County, Pennsylvania.  <u>Id</u>.[1]

II.     <u>Discussion</u>

The habeas corpus statute governing state convictions provides that a federal court may consider a petition from "a person in custody pursuant to the judgment of a State court only on the ground that he is **in custody** in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  (Emphasis added).

As succinctly explained in a case decided in this District:

> The United States Supreme Court has repeatedly and consistently upheld the rather obvious rule that once a prisoner's sentence is expired, he is no longer "in custody" under

---

[1] According to the Department of Corrections, Reaves was "paroled" on December 8, 1993, to begin serving his Delaware County sentence.  Thus, the exact dates between which Reaves served the sentence at issue here are not clear.  However, it is difficult to see how Reaves could be serving his ten year sentence now, thirty years after his conviction.

that conviction sufficient for a court to have jurisdiction to hear a habeas petitioner challenging that conviction.  See Lackawanna County District Attorney v. Coss, 532 U.S. 394, 401 (2001) (noting that because petitioner was no longer serving sentences imposed pursuant to his 1986 convictions, he was precluded from bringing a habeas petitioner directed solely at those convictions); Maleng v. Cook, 490 U.S. 488, 491 ("We have never held … that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed."); Maleng, 490 U.S. at 492 ("[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it.").  Said another way, a habeas petitioner lacks standing to challenge, due to his inability the "in custody" requirement, an expired state court conviction which is no longer open to direct or collateral review in its own right.  Coss, 532 U.S. at 401.

Edwards v. INS, Civ. A. No. 03-286, 2003 WL 22495772 (E.D. Pa. Mar. 31, 2003).

Since the sentence for the conviction which Reaves has challenged here has fully expired, he does not meet the "custody" requirement of 28 U.S.C. § 2254(a).  Accordingly, this Court lacks the jurisdiction to consider his habeas corpus petition.


**The petitioner may file objections to this Report and Recommendation.  See Local Civ. Rule 72.1.  Failure to file timely objections may constitute a waiver of any appellate rights.**

IV.     Conclusion

Based on the foregoing, I make the following:

R E C O M M E N D A T I O N

AND NOW, this 7th day of August, 2014, IT IS RESPECTFULLY RECOMMENDED that the petition for writ of habeas corpus be DISMISSED.  There is no basis for the issuance of a certificate of appealabilty.

BY THE COURT

/s/Jacob P. Hart
_____
JACOB P. HART
UNITED STATES MAGISTRATE JUDGE